UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LESLIE RAYMOND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 3:20-cv-00732-GCS |
| | ) |
| THOMAS INDUSTRIAL COATINGS, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

On July 16, 2020, Plaintiff Leslie Raymond filed suit in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois in Case No. 20-L-978. Defendant Thomas Industrial Coatings, Inc. timely removed the action to this Court on July 28, 2020. Now before the Court is Defendant's motion to dismiss (Doc. 4) filed on July 28, 2020. The August 31, 2020 deadline for Plaintiff's response has come and gone, and she has not responded to Defendant's motion. Accordingly, for the reasons delineated below, Defendant's motion to dismiss is granted.

### FACTUAL BACKGROUND

Pursuant to Local Rule 7.1(c), the failure to file a timely response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion. Nonetheless, a brief recitation of the facts is of assistance in demonstrating that the exercise of that discretion is appropriate here. Plaintiff Leslie Raymond alleges that, while she was employed by Defendant Thomas Industrial Coatings, Inc., her supervisor,

Ronnie Bloodworth, who is not a party to this action, sexually harassed her verbally and through text messages of a sexual nature (Count I). Raymond claims that Bloodworth stalked and harassed her, both at work and at her home, and that Defendant had notice of Bloodworth's conduct, which Raymond alleges rises to the level of sexual assault under Illinois law (Count II). She alleges that Defendant is responsible for a sexual battery that Bloodworth committed by masturbating and performing other sexual acts on or around her (Count III). After Bloodworth's conduct, Raymond alleges that Defendant retaliated against her by reducing her hours and requiring her to travel to distant locations to maintain her employment (Count IV). Raymond further alleges that Bloodworth's conduct was intentional and caused her emotional distress, bringing a claim of infliction of emotional distress against Defendant (Count V).

## ANALYSIS

A complaint must include enough factual content to give the opposing party notice of what the claim is and the grounds upon which it rests. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 698 (2009). To satisfy the notice-pleading standard of Rule 8, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief" in a manner that provides the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)(citing *Twombly*, 550 U.S. at 555 and quoting FED. R. CIV. PROC. 8(a)(2)). In ruling on a motion to dismiss for failure to state a claim, a court must "examine whether the allegations in the complaint state a 'plausible' claim for relief." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011)(citing *Iqbal*, 556 U.S. at 677-678). A complaint

"must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," rather than providing allegations that do not rise above the speculative level. *Id.*

Defendant moves to dismiss Counts II, III, and V of Raymond's complaint for failure to state a claim, arguing that Raymond does not allege that Bloodworth's conduct occurred within the scope of his employment. Defendant further argues that Illinois law is clear that sexual misconduct can never be considered within the course and scope of a person's employment. Illinois recognizes the doctrine of *respondeat superior* and allows employers to be held liable for torts committed by employees within the scope of employment. *See Adames v. Sheahan*, 909 N.E.2d 742, 754-755 (Ill. 2009). However, Illinois courts have held, as a matter of law, that sexual assault is not within the scope of employment. *See Doe v. Lawrence Hall Youth Servs.*, 966 N.E.2d 52, 62 (Ill. Ct. App. 2012).

Raymond does not allege that Bloodworth's conduct occurred within the scope of his employment at Thomas Industrial Coatings, Inc., and Illinois law is clear that his sexual misconduct and stalking behavior cannot give rise to liability for Defendant under the doctrine of *respondeat superior* because it cannot be considered within the scope of his employment.[1] Having reviewed Defendant's motion, the Court finds that it is appropriate to exercise its discretion to deem Plaintiff's failure to respond as an

---

[1] Because Defendant's motion is unopposed and seeks dismissal of Counts II, III, and V based on the doctrine of *respondeat superior*, which is appropriate here, the Court declines to reach Defendant's additional argument that Count V is preempted by Section 8-111(D) of the Illinois Human Rights Act. *See Richards v. U.S. Steel*, 869 F.3d 557, 563-564 (7th Cir. 2017)(noting that Section 8-111(D) has been called a preemption provision but that "misconduct that arises in the employment context might still form the basis for a sustainable common-law tort").

admission of the merits of the motion.

## CONCLUSION

For the above-stated reasons, Defendant's motion to dismiss Counts II, III, and V (Doc. 4) is **GRANTED**. Count I and Count IV remain pending.

**IT IS SO ORDERED.**

Dated:  September 9, 2020.

                                          Digitally signed by Judge Sison 2
                                          Date: 2020.09.09 15:54:36 -05'00'

                                          GILBERT C. SISON
                                          United States Magistrate Judge