UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LESLIE RAYMOND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 3:20-cv-00732-GCS |
| THOMAS INDUSTRIAL COATINGS, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Leslie Raymond first filed suit against Defendant Thomas Industrial Coatings, Inc. in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois, on July 16, 2020. (Doc. 1, Exh. 1). Defendant timely removed the action to this Court on July 28, 2020. *Id.* Now before the Court is Defendant's Motion for Sanctions Due to Plaintiff's Failure to Comply with the Court's Discovery Order (Doc. 21) and Defendant's Motion to Compel Plaintiff's Responses to its Second Interrogatories. (Doc. 22). For the reasons outlined below, Defendant's motion for sanctions is **GRANTED in part and DENIED in part.** As a result, Defendant's motion to compel is rendered **MOOT.**

### FACTUAL BACKGROUND

Shortly after removing this case to federal court, Defendant filed a motion to dismiss Counts II, III and IV of Plaintiff's complaint. (Doc. 4). Because Plaintiff failed to file a response to the motion, the Court granted the motion to dismiss on September 9, 2020, thus leaving only Counts I and IV remaining. (Doc. 14). The Court then issued a

scheduling and discovery order, which dictated that discovery would be completed by June 8, 2021. (Doc. 16).

On September 30, 2020, Defendant served written interrogatories and a request for production of documents on Plaintiff. (Doc. 21, Exh. 1). Plaintiff untimely responded on December 2, 2020; however, her responses contained several deficiencies, including illegible documents, missing video and audio recordings, interrogatories without answers, unexecuted HIPPA authorizations, and missing Facebook Messenger conversations pertinent to the case. *Id*. at p. 2-3. Defendant accordingly requested that Plaintiff supplement her responses by close of business on December 23, 2020. *Id*. at p. 2. Plaintiff again provided untimely supplemental responses on January 19, 22, and February 1, 2021. *Id*. However, Plaintiff's supplemental responses still contained significant deficiencies. *Id*.

The parties appeared before the Court via counsel to discuss issues related to discovery on January 28, 2021. (Doc. 21, Exh. 1, p. 2). Though Plaintiff's counsel, Mr. Charles Baricevic, stated that the requested discovery was in the process of being produced, Plaintiff failed to produce that discovery as of February 24, 2021. *Id*. Accordingly, the Court held a second discovery dispute conference on March 29, 2021 and ordered Plaintiff to respond to Defendant's discovery requests within 14 days. (Doc. 20).

Plaintiff did timely respond to Defendant's discovery request on April 12, 2021. (Doc. 21). However, Plaintiff's response did not fully answer Defendant's outstanding discovery requests. Specifically, Mr. Baricevic stated in an email to Defendant's counsel

that his client authorized him "to sign her medical authorization on her behalf . . ." and he would "send it right over." *Id*. at p. 2. Mr. Baricevic also stated that he would get "verified answers as soon as she signs." *Id*. Nevertheless, despite Defendant's attempts to reach Plaintiff's counsel by phone and email, there are still outstanding issues related to Plaintiff's discovery. *Id*.

Defendant filed a motion for sanctions in response to Plaintiff's failure to provide discovery on April 19, 2021. (Doc. 21). Though Plaintiff never filed a response to the motion, Mr. Baricevic took responsibility for most, though not all, of the discovery difficulties during a hearing on the Defendant's motion for sanctions and motion to compel, which was held on May 21, 2021. When asked whether the attorney or party was predominately responsible for the discovery dispute, counsel stated that it was "mostly" the attorney. He has struggled with side-effects from new medications and on-going symptoms from COVID-19, both of which have impacted his ability to practice. However, Mr. Baricevic also stated that Plaintiff was responsible for failing to verify her second set of interrogatory answers. Though Plaintiff was corresponding with counsel about the case, she had not yet signed the documents Mr. Baricevic sent to her.

At the conclusion of the hearing, the Court allowed Plaintiff three days to resolve her discovery deficiencies by providing Defendant with verified responses to Defendant's second set of interrogatories. (Doc. 25). Defendant was ordered to file a notice of compliance after Plaintiff's response time expired. *Id*. On June 1, 2021, Defendant filed a notice informing the Court that Plaintiff had failed to comply with the Court's order. (Doc. 26). Though Mr. Baricevic initially sent Defendant's counsel notarized

verifications for Plaintiff's answers to Defendant's first set of interrogatories and Plaintiff's response to requests for production, none of the verifications referenced Plaintiff's response to Defendant's second set of interrogatories. *Id* at p. 1. Furthermore, each of Plaintiff's responses were notarized by an Illinois notary, though Plaintiff was located in Michigan. *Id*. at p. 2. When Defendant's counsel raised these issues with Mr. Baricevic, he first responded by sending the same signature pages without a signature. *Id*. Approximately two hours later, Mr. Baricevic sent the same pages again; this time, Plaintiff purportedly signed the pages before a Michigan notary. *Id*. However, the Michigan notary failed to include a statement that the person signing the document personally appeared before the Notary, that the person was positively identified using personal knowledge or satisfactory evidence, or that the person signed the document in the Notary's presence, as required by Michigan law. *Id*. p. 2-3.

## LEGAL STANDARDS

When a party fails to obey an order to provide or permit discovery, the Court may issue sanctions, including: "(i) directing that the matters embraced in the order, or other designated facts, be taken as established for the purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey an order, except an order to submit to a physical or mental examination." FED. R. CIV. PROC.

37(b)(2)(A). Instead of, or in addition to, the above, the rule also empowers the Court to order the disobedient party to pay the reasonable expenses, including attorney's fees, caused by the failure, "unless the failure was substantially justified or other circumstances make the award of expenses unjust." FED. R. CIV. PROC. 37(b)(2)(C). These sanctions are appropriate when a party displays "willfulness, bad faith or fault." *Langley v. Union Elec. Co.*, 107 F.3d 510, 514 (7th Cir. 1997). Bad faith includes the "intentional or reckless disregard of a party's obligations to comply with a court order." *Marrocco v. General Motors Corp.*, 966 F.2d 220, 224 (7th Cir. 1992). In contrast, fault pertains to the "reasonableness of the conduct or lack thereof, which eventually culminates in the violation." *Langley*, 107 F.3d at 514.

When a court determines that sanctions are necessary, "the sanction selected must be one that a reasonable jurist, apprised of all of the circumstances, would have chosen as proportionate to the infraction." *Salgado v. General Motors Corp.*, 150 F.3d 735, 740 (7th Cir. 1998). The purpose of imposing sanctions is to prevent abuse of the judicial process and to promote the efficient administration of justice. *See Barnhill v. United States*, 11 F.3d 1360, 1367 (7th Cir. 1993). Sanctions further provide a general deterrent to those who might be tempted to engage in such conduct, both in the particular case, and in litigation in general. *See Roadway Express v. Piper*, 447 U.S. 752, 763-764 (1980). Accordingly, though dismissal is a severe sanction, it must be available to penalize those whose conduct warrants such a sanction. *See Greviskes v. Universities Research Ass'n, Inc.*, 417 F.3d 752, 759 (7th Cir. 2015)(quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)). However, this sanction is typically limited to circumstances in which the non-

compliant party had been sufficiently and previously warned that further intransigence would result in dismissal. *See Ladien v. Astrachan*, 128 F.3d 1051, 1057 (7th Cir. 1997).

The Court may also sanction non-compliant attorneys pursuant to 28 U.S.C. § 1927. That statute provides: any "attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Vexatious conduct occurs where an attorney "has acted in an objectively unreasonable manner by engaging in a 'serious and studied disregard for the orderly process of justice[.]'" *Walter v. Fiorenzo*, 840 F.2d 427, 433 (7th Cir. 1988)(internal quotations omitted). Thus, "[i]f a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious." *Riddle & Assocs. P.C., v. Kelly*, 414 F.3d 832, 835 (7th Cir. 2005)(citing *Kapco Mfg. Co. v. C & O Enters., Inc.*, 886 F.2d 1485, 1491 (7th Cir. 1989)). Reckless indifference to the law can also constitute vexatious conduct under § 1927. *See Ordower v. Feldman*, 826 F.2d 1569, 1574 (7th Cir. 1987).

The Court also has the inherent power to impose sanctions to enforce its orders. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)(internal citations omitted). These inherent powers are governed by the control "necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-631 (1962). This includes the power to discipline attorneys who appear before the Court. *See Chambers*, 501 U.S. at 44. Though each party to a lawsuit

typically bears its own attorneys' fees unless a statute, contract, or decisional authority provides otherwise, *see Alyeska Pipeline & Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975); *Gaffney v. Riverboat Servs. of Indiana, Inc.*, 451 F.3d 424, 466 (7th Cir. 2006), using its inherent powers, a federal court may also award attorneys' fees to a successful party where the party's opponent has acted in bad faith. *See Hall v. Cole*, 412 U.S. 1, 4-5 (1973).

The prerequisite to a sanction under the Court's inherent power is a finding of bad faith. *See Corley v. Rosewood Care Ctr., Inc. of Peoria*, 142 F.3d 1041, 1058 (7th Cir. 1998)(internal citations omitted). A court must exercise caution when invoking its inherent power, and it must comply with the requirements of due process when determining that bad faith exists and in assessing fees. *See Chambers*, 501 U.S. at 50 (internal citations omitted). Nevertheless, the decision to award attorneys' fees pursuant to the Court's inherent powers as a sanction for bad-faith litigation is committed to the Court's discretion. *See In re Generes*, 69 F.3d 821, 826 (7th Cir. 1995)(internal citations omitted). If a party's bad-faith conduct could be sanctioned under the Rules, the court should rely on those rules, rather than on its inherent power; however, if, in the informed discretion of the court, "neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power." *Chambers*, 501 U.S. at 50.

## ANALYSIS

Defendant argues that Plaintiff's repeated dilatory conduct and failure to comply with this Court's orders regarding discovery warrants the dismissal of Plaintiff's case under Rule 37. (Doc. 21, p. 3). Plaintiff has had substantial notice that her conduct could result in sanctions. The parties jointly filed their discovery dispute statement on February

15, 2021, which outlined the documents and information Plaintiff had thus far failed to produce. *Id.* at p. 4. One month later, the Court granted Plaintiff an additional fourteen days to provide the responsive discovery during a hearing at which Mr. Baricevic appeared. (Doc. 20). Furthermore, when Plaintiff still failed to comply with the Court's order compelling discovery, the Court granted Plaintiff three more days to sign and verify her responses to Defendant's second interrogatories; this time, the Court explicitly noted that if Plaintiff did not comply, the Court could dismiss her case or impose other sanctions against her and/or Mr. Baricevic. *See* (Doc. 25). As Plaintiff has consistently failed to comply with Court orders or engage in good-faith discovery with Defendant, the Court finds that her conduct demonstrates a reckless disregard for the Court's orders constituting bad faith. *See Marrocco*, 966 F.2d at 224. *Cf. Nelson v. Schultz*, 878 F.3d 236, 238-239 (7th Cir. 2017)(finding that a party's repeated failure to comply with a court's discovery orders constitutes a pattern of failure to meet court-imposed deadlines, warranting striking that party's pleadings as a sanction). Furthermore, though Mr. Baricevic took broad responsibility for the deficiencies in Plaintiff's discovery responses, the present issue concerns Plaintiff's failure to verify her responses to Defendant's interrogatories. *See* (Doc. 25). At this time, the Court therefore finds that sanctions against the party are appropriate, rather than sanctions against Plaintiff's attorney, Mr. Baricevic.

Though a court is not required to impose graduated sanctions, it should nevertheless consider whether lesser sanctions are appropriate prior to dismissing a case. *See Fuery v. City of Chicago*, 900 F.3d 450, 464 (7th Cir. 2018)(citing *Barnhill v. United States*,

11 F.3d 1360, 1367 (7th Cir. 1993)). *Cf. Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 192 (7th Cir. 2011)(finding that dismissal was appropriate where the district court first attempted to use less severe sanctions to no avail). Although Plaintiff has repeatedly failed to abide by the Court's orders compelling discovery, the Court has not yet imposed any sanctions, either to her as a party or to her attorney, Mr. Baricevic. Lesser sanctions may therefore be effective in this case to prevent further dilatory conduct during the discovery process.

Requiring the payment of reasonable costs and expenses associated with filing a motion to remedy a party's failure to comply with a court order is considered the least severe of possible sanctions under Rule 37(b)(2). *See Momient v. Northwest Collectors, Inc.*, No. 15-2205, 666 Fed. Appx. 531, 536 (7th Cir. Nov. 10, 2016); *see also* FED. R. CIV. PROC. 37(b)(2)(C). Equally, if a court grants a party's motion to compel, it must also require the non-moving party to pay the movant's reasonable fees and expenses, including attorney's fees. *See* FED. R. CIV. PROC. 37(a)(5). During the hearing on the motion to compel and motion for sanctions, Plaintiff, through her attorney, offered no reason why the payment of such fees would be unjust. *See* FED. R. CIV. PROC. 37(b)(2)(C). The Court therefore finds that Plaintiff must pay the reasonable fees and expenses Defendant incurred by bringing its motion to compel and motion for sanctions.

In addition to requiring Plaintiff to pay the reasonable fees and expenses associated with Defendant's present motions, the Court will also require Plaintiff to pay the reasonable fees and expenses associated with taking her deposition. Federal courts

have the inherent authority to fashion appropriate sanctions for conduct which abuses the judicial process. *See Abner v. Scott Memorial Hospital*, 634 F.3d 962, 964 (7th Cir. 2011). Defendant notes that Plaintiff's failure to comply with the Court's orders compelling discovery have frustrated its attempts to depose Plaintiff and prepare motions for summary judgment. (Doc. 21, p. 4). The Court therefore finds that an appropriate sanction for Plaintiff's conduct includes requiring her to pay for the cost of her deposition. This will encompass the total cost of the deposition, including deposition transcripts, copies, and deliveries of the transcripts. *See E.E.OC. v. Sears, Roebuck and Co.*, 114 F.R.D. 615, 622 (N.D. Ill. 1987), overruled on other grounds by *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987). Defendant may schedule this deposition at its own convenience, no less than forty-five days after the issuance of this order, unless the parties agree to a mutually convenient time before or after that date.

Defendant also notes that Plaintiff's production of the sought-after discovery is a necessary prerequisite to conducting her deposition. (Doc. 21, p. 4).  The failure to comply with a court order compelling discovery establishes a presumption against the non-compliant party that the failure to produce is an admission of a lack of merit in the party's associated claim. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 705 (1982)(internal citations omitted). Rule 37(b)(2)(i) embraces this rationale in explicitly allowing for a court to direct that matters embraced in the violated order be taken as established for the purposes of the litigation. *See also Walsh v. McCain Foods Ltd.*, 81 F.3d 722, 726 (7th Cir. 1996)(finding that an untimely response to requests for

admissions deemed the requests admitted). This sanction is equivalent to the invocation of a legal presumption in favor of the moving party or to finding a constructive waiver on the part of the non-complying party. *See Insurance Corp. of Ireland, Ltd.*, 456 U.S. at 706. However, the Court is mindful that taking certain facts as established "may so hobble the sanctioned party that the result of the case is foreordained." *Ramirez v. T&H Lemon, Incorporated*, 845 F.3d 772, 779 (7th Cir. 2016). This consequence is functionally equivalent to granting Defendant's motion to strike Plaintiff's pleadings or to dismiss her case. *See id*.

Defendant notes that Plaintiff has failed to provide executed HIPPA authorizations so that Defendant may ascertain the cost of her treatment due to the alleged events. (Doc. 21, p. 3). Defendant also claims that Plaintiff has failed to release her cell phone for forensic examination. *Id*. As Plaintiff claims that Defendant's employee sexually harassed her both verbally and over text message, the production of Plaintiff's cell phone is necessary to Defendant's ability to depose her adequately on this issue.

Finally, Defendant also notes that Plaintiff has failed to provide accurately verified answers to its second set of interrogatories. (Doc. 26). In its second set of interrogatories, Defendant asks: (i) whether Plaintiff has ever shown Defendant's employees nude pictures of herself, her wife, or other women; (ii) whether Plaintiff has ever had sexual activity with one of Defendant's employees; (iii) whether Plaintiff deleted pictures or messages off of the accused harasser's cell phone; (iv) whether there were any witnesses present during the alleged harassment on August 22, 2018; and (v) whether there were

any witnesses present for alleged harassment occurring between April and June of 2018. (Doc. 22, Exh. 1).

The Court notes that the issue of medical costs is central to Plaintiff's claim regarding both sexual harassment and retaliation, as her alleged medical costs comprise the entirety of her damages. *See* (Doc. 1, Exh. 1). Equally, the issue of whether Plaintiff has any messages or pictures on her phone with the alleged harasser is central to Count I of her complaint, which alleges she was sexually harassed through text messages. *Id*. At the hearing on Defendant's Motion for Sanctions (Doc. 21) and Motion to Compel (Doc. 22), Plaintiff's counsel represented to the Court that the medical authorization and cell phones had been tendered to the Defendant. (Doc. 25). To the extent that these items have not yet been produced to the Defendant, the Court will grant Defendant's motion to compel this discovery. Plaintiff must provide this discovery to Defendant at least thirty days prior to Plaintiff's scheduled deposition. As such, at this time, the Court will not take as established that Plaintiff has no associated medical costs or that she has no text messages on her phone relating to sexual harassment. Plaintiff, however, is **<u>WARNED</u>** that the failure to provide these items could result in the Court making an adverse finding regarding these facts, which could be tantamount to the dismissal of her case.

Defendant's second set of interrogatories does not provide a clear basis on which the Court may determine whether certain facts should be taken as established for the purposes of this litigation. Defendants' questions are broad, and while Plaintiff's answers may support or rebut a particular legal strategy for Defendant, it is not clear what her

possible answers may be. Accordingly, it is unclear what facts should be taken as established by her failure to answer them according to the Federal Rules of Civil Procedure. The Court therefore **DIRECTS** Defendant to file with the Court and to serve on Plaintiff requests for admission related to these interrogatories. Plaintiff is **WARNED** that if she does not timely provide a verified response to these requests, they will be deemed admitted for the purposes of this litigation. *See Walsh*, 81 F.3d at 726.

Though the Court does not presently sanction Mr. Baricevic under § 1927, it **WARNS** him that such sanctions may be appropriate should he contribute to further deficiencies in Plaintiff's discovery responses. Conduct which constitutes reckless and indifferent behavior satisfies the objective standard for vexatious conduct and could trigger the Court's ability to sanction Mr. Baricevic under § 1927. *See Grochocinski v. Mayer Brown Roe & Maw LLP*, 452 B.R. 676, 687 (N.D. Ill. 2011). Such conduct may include the repeated failure to answer discovery requests properly. *See Claiborne v. Wisdom*, 414 F.3d 715, 721 (7th Cir. 2005). Should Mr. Baricevic further contribute to Plaintiff's failure to comply with this Court's orders regarding discovery, the Court will consider the imposition of sanctions against him under § 1927.

## CONCLUSION

For the aforementioned reasons, the Court **GRANTS in part and DENIES in part** Defendant's Motion for Sanctions Due to Plaintiff's Failure to Comply with the Court's Discovery Order. (Doc. 21). The Court will not strike Plaintiff's pleadings or dismiss her case. However, the Court will require Plaintiff to pay the reasonable costs and expenses

associated with her failure to comply with this Court's orders. Defendant is therefore **DIRECTED** to submit an accounting of its expenses incurred in pursuing its motion for sanctions (Doc. 21) and motion to compel (Doc. 22) within **FOURTEEN DAYS,** up to and including **JUNE 25, 2021.**

Furthermore, Plaintiff is required to pay the reasonable costs and expenses incurred in taking her deposition. Defendant is **DIRECTED** to schedule Plaintiff's deposition at its convenience, for a date **no sooner than forty-five days** after the issuance of this order, or at a mutually agreed upon time before or after that date. Within **FOURTEEN DAYS** of Plaintiff's deposition, Defendant is **DIRECTED** to submit an accounting of the associated costs and expenses to the Court. To the extent that it has not already been done, Plaintiff is also **ORDERED** to provide Defendant executed HIPAA authorizations and to submit her cell phone(s) to the Defendant for examination and inspection no later than **THIRTY DAYS** prior to the date of the scheduled deposition.

Defendant is **<u>DIRECTED</u>** to serve on Plaintiff and file with the Court requests for admission pertaining to its other interrogatories no later than **FOURTEEN DAYS** after the issuance of this order, up to and including **JUNE 25, 2021.** As these requests will pertain to the interrogatories at issue in Defendant's motion to compel (Doc. 22), that motion is now **MOOT.**

In light of the above, the Court hereby **VACATES** the previously imposed discovery deadline of June 8, 2021 and the dispositive motion deadline of June 23, 2021. (Doc. 16). The Final Pre-Trial Conference Date of September 28, 2021 and the Presumptive

trial month of October 2021 are likewise vacated. *Id.* The Court **DIRECTS** the parties to file a proposed amended scheduling order to the Court's proposed documents box no later than **JUNE 30, 2021**. The parties are to use the new presumptive trial month of **February 2022** and work backwards to obtain a discovery and dispositive motion deadline that complies with the Court's local rules.

      **IT IS SO ORDERED.**

      **DATED:  June 10, 2021.**

Digitally signed
by Judge Sison 2
Date: 2021.06.10
15:10:12 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**